**Via ECF**
Honorable Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Edward W. Floyd**
Partner
ed.floyd@floydzad.com
+1 917 999 6914

October 23, 2026
Case No. FZUS880

**Re: *Swiss Marine Pte Ltd.*, *v. Hartree Marine Fuels, LLC*, No. 24-cv-7341 (RA): Status Letter**

Dear Judge Abrams,

Pursuant to the Court's September 1, 2026 Order and Notice of Initial Conference (ECF No. 4), the parties, by and through the undersigned counsel, respectfully submit this joint letter.

> *1. A brief description of the nature of the action and the principal defenses thereto;*

The dispute arises out of maritime contract for the supply of marine fuel ("bunkers").

Plaintiff alleges that the bunkers were off-specification, and, thus, Defendant breached the parties' contract. As the result of Defendant's breach, Plaintiff alleges that it suffered estimated damages in the amount of USD 928,657.28.

Defendant denies that the bunkers were off specification. Moreover, the terms and conditions of sale ("T&C") required Plaintiff to satisfy conditions precedent prior to pursuing a claim which were not satisfied. Finally, the T&C exonerate Defendant for many of the types of damage Plaintiff seeks, includes an exclusive remedy of removal and replacement of the off-spec bunkers, and also includes an overall limitation of liability of $500,000.

> *2. A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;*

The Court has jurisdiction under 28 U.S.C. § 1333 because the dispute arises out of a maritime contract.



Floyd Zadkovich (US) LLP is a limited liability partnership established in the State of New York, advising only on laws of the United States of America. Floyd Zadkovich (US) LLP is a member firm of Floyd Zadkovich (a Swiss Verein). Each member of the Swiss Verein is separately insured and practices law independently of other member firms. The Swiss Verein does not provide any legal services.

Venue is proper before the Court because the T&C require that all disputes between the parties to the contract be resolved in the state or federal courts of New York.

Plaintiff is a private limited company, registered with the government of the Republic of Singapore, and headquartered in Singapore.

Defendant is a domestic limited liability company, formed under the laws of the State of Delaware, with its principal place of business in New York, New York.

*3. A brief description of all contemplated and/or outstanding motions;*

Plaintiff does not have any pending or contemplated motions at this time.

Defendant anticipates that a motion for summary judgment will be filed at the conclusion of discovery.

*4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;*

The parties have not exchanged any discovery. Throughout the course of the parties' dispute, the parties exchanged electronic mail ("e-mail") messages regarding the testing of samples of the bunkers and the subsequent results of the testing.

Plaintiff will take discovery. Plaintiff will assess Defendant's responsive pleading in determining the scope of intended discovery.

Defendant requires discovery from the Plaintiff and the third-party shipowner concerning the actions taken abord the ship, the commingling of previously loaded fuel with the bunkers in question, what steps were taken aboard the vessel to manage the allegedly off-spec bunkers, and the damages allegedly suffered by Plaintiff.

*5. A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;*

The parties have exchanged several letters regarding each other's position. In addition, the parties, through commercial channels, have had some discussions on resolution of the matter The commercial discussions have not been fruitful.

*6. The estimated length of trial; and*

The parties estimate that a three (3) day trial.

*7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

The parties will consider whether private or court sanctioned mediation would be more appropriate.

Respectfully submitted,

| | |
|---|---|
| /s/ Edward W. Floyd | /s/ Thomas L. Tisdale |
| EDWARD W. FLOYD | THOMAS L. TISDALE |
| *Counsel for Plaintiff* | *Counsel for Defendant* |