UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
SWISSMARINE PTE. LTD.,

Plaintiff,

26-CV-7341

v.

HARTREE MARINE FUELS, LLC,

Defendant.

-----------------------------------------------------

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Hartree Marine Fuels, LLC ("Hartree" or "Defendant"), by and through its attorneys, Tisdale & Nast Law Offices, LLC, as and for its Answer to the Complaint dated August 28, 2026, hereby states as follows:

**PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first paragraph of the Complaint.

2. Admits the allegations contained in the second paragraph of the Complaint.

**JURISDICTION AND VENUE**

3. Admits the allegations contained in the third paragraph of the Complaint.

4. Admits the allegations contained in the fourth paragraph of the Complaint.

5. Admits the allegations contained in the fifth paragraph of the Complaint.

6. Admits the allegations contained in the sixth paragraph of the Complaint.

## FACTS

SwissMarine's Charter of the Vessel

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh paragraph of the Complaint.

Bunker Sales Contract Between SwissMarine and Hartree

8. Admits the allegations contained in the eighth paragraph of the Complaint.

9. Admits the allegations contained in the ninth paragraph of the Complaint.

10. Admits on August 21,2025, Hartree, as seller, sent SwissMarine, as buyer, a Sales Order Confirmation for 900 to 1,100 metric tons of VLSFO (0.5% Sulphur) marine fuel at a price of USD 496.00 per metric ton for the Vessel plus barging and boom boat charges.

11. Admits the allegations contained in the eleventh paragraph of the Complaint.

12. Admits the allegations contained in the twelfth paragraph of the Complaint.

13. Admits the allegations contained in the thirteenth paragraph of the Complaint.

14. Admits that paragraph 4 of the General Terms and Conditions says what it says.

15. Admits that paragraph 7 of the General Terms and Conditions says what it says.

16. Admits that paragraph 15 of the General Terms and Conditions says what it says.

17. Admits that paragraph 18 of the General Terms and Conditions says what it says.

Bunker Delivery

18. Admits the allegations contained in the eighteenth paragraph of the Complaint.

19. Admits the allegations contained in the nineteenth paragraph of the Complaint.

20. Admits the allegations contained in the twentieth paragraph of the Complaint.

21. Admits the allegations contained in the twenty-first paragraph of the Complaint.

SwissMarine's Quality Claim

22. Admits the allegations contained in the twenty-second paragraph of the Complaint.

23. Admits the allegations contained in the twenty-third paragraph of the Complaint.

24. Admits the allegations contained in the twenty-fourth paragraph of the Complaint.

25. Admits on September 17, 2025, SwissMarine requested to test sample number 58814, which was a Barge Supplier's, (not seller's), retained sample per the Bunker Delivery Note, at Intertek.

26. Admits the allegations contained in the twenty-sixth paragraph of the Complaint.

27. Admits the allegations contained in the twenty-seventh paragraph of the Complaint.

28. Admits the allegations contained in the twenty-eighth paragraph of the Complaint.

Hartree's Refusal to Address its Breach

29. Admits the allegations contained in the twenty-ninth paragraph of the Complaint but refers the Court to its Affirmative Defenses.

30. Admits the allegations contained in the thirtieth paragraph of the Complaint but refers the Court to its Affirmative Defenses.

31. Denies the allegations contained in the thirty-first paragraph of the Complaint.

**CAUSE OF ACTION**
**Breach of Contract**

32. Defendant reaffirms and realleges each and every response and allegation set forth in paragraphs 1-31 of the Complaint as if set forth fully at length herein.

33. This paragraph contains legal assertions rather than factual allegations. As such, no response is required. If it is determined a response is required, they are denied.

34. This paragraph contains legal assertions rather than factual allegations. As such, no response is required. If it is determined a response is required, it is denied.

35. This paragraph contains legal assertions rather than factual allegations. As such, no response is required. If it is determined a response is required, it is denied.

36. Admits the allegations contained in the thirty-sixth paragraph of the Complaint.

37. Denies the allegations contained in the thirty-seventh paragraph of the Complaint.

38. Denies the allegations contained in the thirty-eighth paragraph of the Complaint.

39. Denies the allegations contained in the thirty-ninth paragraph of the Complaint.

40. Denies the allegations contained in the fortieth paragraph of the Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Pursuant to the Hartree General Terms and Conditions ("GTC") Clause 7(h) provides in part:

> It is the duty of Buyer to take all reasonable actions to eliminate or minimize any damages or costs associated with any off-specification or suspected or allegedly off-specification Product. In such circumstances, Buyer shall cooperate with Seller in achieving the most cost-effective solution, including the consumption of Product after treatment, blending and/or special handling.

3. Plaintiff failed to cooperate with Seller to achieve the most cost-effective solution. Despite having consumed some of the bunkers in question without incident, Plaintiff failed to coordinate with Sellers or cooperate with Seller's expert's instructions to safely consume the bunkers.

**THIRD AFFIRMATIVE DEFENSE**

4. Plaintiff failed to satisfy the conditions precedent to the removal and replacement of the bunkers.

**FOURTH AFFIRMATIVE DEFENSE**

5. The Hartree GTC further provide:

> In the event that Product is off-specification and cannot be consumed by the Receiving Vessel, Buyer's remedies shall be limited exclusively and solely to the replacement of the non-conforming Product by Seller. If Buyer removes any or all Product from the Receiving Vessel without the express prior written consent of Seller, then all such removal and related costs shall be solely for Buyer's account.

6. Because Plaintiff failed to cooperate with Defendant to achieve a cost-effective solution but instead removed and replaced the bunkers without Seller's approval, the removal and replacement costs are for the account of the Plaintiff as the GTC stipulate.

**FIFTH AFFIRMATIVE DEFENSE**

7. The Hartree GTC further provides:

> FURTHERMORE, NEITHER SELLER NOR SUPPLIERS SHALL HAVE ANY LIABILITY TO THE BUYER UNDER OR IN CONNECTION WITH ANY CONTRACT FOR (1) ANY DEMURRAGE, OFFHIRE OR OTHER VESSEL DELAY OR (2) LOSS OF ACTUAL OR ANTICIPATED PROFIT OR (3) LOSSES CAUSED BY BUSINESS INTERRUPTION OR (4) LOSS OF GOODWILL OR REPUTATION OR (5) FOR INDIRECT, SPECIAL, INCIDENTAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES WHETHER OR NOT FORSEEABLE, INCLUDING, BUT NOT LIMITED TO, DAMAGES ARISING FROM THE EXERCISE OF SELLER'S RIGHT TO SUSPEND AND/OR TERMINATE DELIVERY OF PRODUCT.

8. Some or all of the damages allegedly suffered by Plaintiff, which are denied, are of the type or nature for which the Defendant is exonerated pursuant to the contract.

**SIXTH AFFIRMATIVE DEFENSE**

9. The Hartree GTC further provides:

> IN ANY EVENT, AND NOTWITHSTANDING ANY OTHER PROVISION IN THESE GTCs, SELLER'S LIABILITY FOR ANY CLAIMS, WHETHER ARISING FROM QUALITY, QUANTITY, ACCIDENT, DELAY, SPILL OR ANY OTHER CAUSE EITHER IN CONTRACT OR TORT (INCLUDING NEGLIGENCE), SHALL TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW NOT EXCEED THE LESSOR OF: (1) THE PRICE OF THAT PORTION OF PRODUCT SOLD ON WHICH LIABILITY IS ASSERTED; OR (2) THE AMOUNT OF USD 500,000.

10. In the event Plaintiff can establish that the coordination and cooperation conditions precedent were satisfied, which is denied, and if it is established that Defendant agreed to remove and replace the allegedly off-spec bunkers, which is also denied, and that the damages sought do not include damages for which Owners are exonerated from liability, Defendant's liability, if any, is limited to $500,000.

## SEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to properly mitigate its damages.

WHEREFORE, Defendant Hartree Marine Fuels, LLC respectfully prays that Plaintiff's Complaint is dismissed and that this Court grants Defendant such other and further relief as seems just and proper under the circumstances.

Dated: November 6, 2026
New York, NY

Attorneys for the Defendant,

/s/ *Thomas L. Tisdale*

Thomas L. Tisdale
Tisdale & Nast Law Offices, LLC
Chrysler Building
405 Lexington Ave., 26th Floor
New York, NY 10174
Tel: 212 354 0025
Fax: 212 869 0067
*ttisdale@tisdale-law.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6th, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing (see below). Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Thomas L. Tisdale